Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50086 | **DATE** | 4/16/2003 |
| **CASE TITLE** | Wilson vs. Natale | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the orders of the bankruptcy court are affirmed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 16 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4-16-03 | |
| /SEC | courtroom deputy's initials | 03 APR 16 PM 3:29 FILED-WD U.S. DISTRICT COURT | date mailed notice SW mailing deputy initials | 6 |
| | | Date/time received in central Clerk's Office | | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Appellant, Mark Wilson, filed a notice of appeal in the bankruptcy court on February 4, 2003. The notice of appeal does not identify the judgment or order appealed from but his designation of items for the record on appeal lists an August 26, 2002 judgment in favor of the appellee, Bernard J. Natale, trustee of the bankruptcy estate of Amy Kinsella, a January 29, 2003 order denying his motion to set aside the August 26, 2002, judgment and a February 3, 2003 order directing the U.S. Marshal's Service to take appellant into custody until he purged himself of civil contempt by submitting to a citation interrogation. It appears appellant is appealing the latter two orders and clearly the time for appealing the August 26, 2002 order had long past at the time appellant filed notice of appeal. The court has jurisdiction over final bankruptcy court orders under 28 U.S.C. § 158 (a).

A civil contempt sanction is reviewed for abuse of discretion. See Grove Fresh Distrib., Inc. v. John Labatt, Ltd., 299 F.3d 635, 641 (7th Cir. 2002), cert. denied, __ U.S. __, 123 S.Ct. 1486 (2003). The bankruptcy court clearly had authority to order appellant to appear for interrogation pursuant to a citation to discover assets under Illinois law which governs proceedings in aid of execution of a judgment in federal court. 735 ILCS 5/2-1402; Fed. R. Bankr. P. 7069; Fed. R. Civ. P. 69 (a). Appellant was found in direct contempt of the bankruptcy court for refusing in the bankruptcy court's presence to submit to interrogation. (Tr. Jan. 27, 2003 pp. 17-21) The bankruptcy court's order imposing a civil contempt sanction in the face of this direct refusal by appellant to be examined was not an abuse of discretion.

Appellant also appeals the denial of his motion for relief from the judgment entered against him on August 26, 2002 under Fed. R. Civ. P. 55 (c) and 60 (b). The bankruptcy court denied this motion finding appellant had not shown good cause for relief under rule 55 (c) and failed to establish grounds for relief under Rule 60 (b). (1/29/03 Order) Since judgment had been entered on the default the proper basis for seeking relief is Rule 60 (b), see Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994), is addressed to the sound discretion of the bankruptcy court and will only be reversed for abuse of discretion. Id. The bankruptcy court considered the motions and concluded they were not well taken and were advanced as a delaying tactic. (Tr. Jan. 27, 2003 pp. 18-20) Appellant cites to a hearing transcript of April 15, 2002, as revealing an admission by the trustee that appellant had filed an answer. (Tr. Apr. 15, 2002 p.18) However, a review of the transcript does not support appellant's claim. It is evident the trustee did not believe the document at issue was an answer and in fact that the trustee was seeking to strike the document and the bankruptcy court apparently did strike it.[1] (Id. pp. 21-22) Moreover, the document being discussed at that hearing was not appellant's document but rather that of Mr. Babusek, the subject of a different adversary proceeding. (Id.) It cannot be said the bankruptcy court abused its discretion in denying the motions for relief.

For the foregoing reasons, the orders of the bankruptcy court are affirmed.

---

[1] The document at issue was apparently filed 4/10/02 but was not designated by appellant for inclusion in the record on appeal.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Mark Wilson

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 03 C 50086

Bernard J. Natale

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the orders of the bankruptcy court are affirmed.

Michael W. Dobbins, Clerk of Court

Date: 4/16/2003

Susan M. Wessman, Deputy Clerk